# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIGITUDE INNOVATIONS LLC, | ) |
| | ) |
| | ) CIVIL ACTION NO. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MOTOROLA MOBILITY HOLDINGS, INC. | ) JURY TRIAL DEMANDED |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

1.  Plaintiff Digitude Innovations LLC. ("Digitude" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial and complains of Defendant Motorola Mobility Holdings, Inc. ("Defendant") as follows:

## NATURE OF THE ACTION

2.  This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin infringement and obtain damages resulting from Defendant's unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No. 5,926,636 (the "'636 Patent") (attached as Exhibit A) entitled "Remote Procedure Call Component Management Method for a Heterogeneous Computer Network," United States Patent No. 5,929,655 (the "'655 Patent") (attached as Exhibit B) entitled "Dual-Purpose I/O Circuit in a Combined LINK/PHY Integrated Circuit," United States Patent No. 6,208,879 (the "'879 Patent") (attached as Exhibit C) entitled "Mobile Information Terminal Equipment

and Portable Electronic Apparatus," and United States Patent No. 6,456,841 (the "'841 Patent") (attached as Exhibit D) entitled "Mobile Communication Apparatus Notifying User of Reproduction Waiting Information Effectively."  Plaintiff seeks injunctive relief to prevent Defendant from continuing to infringe Plaintiff's patents.  In addition, Plaintiff seeks a recovery of monetary damages resulting from Defendant's past infringement of these patents.

3.  This action for patent infringement involves Defendant's manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in portable communication devices, including but not limited to Defendant's mobile phones, telecommunication devices, and other portable communication devices.

## THE PARTIES

4.  Plaintiff Digitude is a company with its principal place of business at 601 King St., Suite #404, Alexandria, Virginia, 22314-3169.

5.  Plaintiff Digitude is the lawful assignee of all right, title and interest in and to the '636, '655, '879, and '841 Patents (collectively, the "Asserted Patents").

6.  Plaintiff Digitude is a privately held company.  Digitude focuses its business on licensing patented technology in the consumer electronics and communications industry, including the '636 Patent, the '655 Patent, the '879 Patent, and the '841 Patent.

7.  Upon information and belief, Defendant Motorola Mobility Holdings, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 600 N. U.S. Highway 45, Libertyville, Illinois 60048.

8.  Upon information and belief, Motorola Mobility Holdings, Inc. is in the business of making, offering for sale, selling, and supporting a variety of portable

-3-

communication devices, including, but not limited to, computer tablets, cell phones, and other portable communication devices.

9. Plaintiff has been irreparably harmed by the Defendant's infringements of its valuable patent rights. Moreover, Defendant's unauthorized and infringing uses of Plaintiff's patented systems and methods have threatened the value of this intellectual property because Defendant's conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

10. Defendant's disregard for Plaintiff's property rights threatens Plaintiff's relationships with existing licensees and potential licensees of Plaintiff's portable communication device patents. The Defendant will derive a competitive advantage over any of Plaintiff's existing licensees and future licensees from using Plaintiff's patented technology without paying compensation for such use. Accordingly, unless and until the Defendant's continued acts of infringement are enjoined, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. Upon information and belief, Defendant is subject to personal jurisdiction in the State of Delaware because it regularly transacts business in this judicial district and division by, among other things, offering its products and services to customers, business affiliates and partners located in this judicial district. In addition, the Defendant has committed acts of direct infringement of one or more of the claims of one or more of the

Asserted Patents in this judicial district.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendant is subject to personal jurisdiction in this district, and has committed acts of infringement in this district.

## COUNT I
### (Infringement of United States Patent No. 5,926,636)

14. Paragraphs 1 through 13 are incorporated by reference as if fully restated herein.

15. Plaintiff Digitude is the assignee and lawful owner of all right, title and interest in and to the '636 Patent.

16. Upon information and belief, Defendant makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '636 Patent. Such devices are tablets, cellular telephones, and other portable communication devices, including but not limited to Defendant's Droid Razr device and other substantially similar devices.

17. Upon information and belief, the Defendant has been and continues to infringe one or more of the claims of the '636 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Upon information and belief, Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

18. Plaintiff is entitled to recover damages adequate to compensate for the

infringement.

## COUNT II
**(Infringement of United States Patent No. 5,926,655)**

19. Paragraphs 1 through 18 are incorporated by reference as if fully restated herein.

20. Plaintiff Digitude is the assignee and lawful owner of all right, title and interest in and to the '655 Patent.

21. Upon information and belief, Defendant makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '655 Patent. Such devices include tablets, cellular telephones, and other portable communication devices, such as, but not limited to Defendant's Droid 3 device and substantially similar devices.

22. Upon information and belief, the Defendant has been and continues to infringe one or more of the claims of the '655 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Upon information and belief, the Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

23. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT III
**(Infringement of United States Patent No. 6,208,879)**

24. Paragraphs 1 through 23 are incorporated by reference as if fully restated herein.

25. Plaintiff Digitude is the assignee and lawful owner of all right, title and interest in and to the '879 Patent.

26. Upon information and belief, Defendant makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '879 Patent. Such devices are portable communication devices, including but not limited to tablets, cellular telephones, and other portable communication devices, such as, but not limited to Defendants' Droid Razr device and substantially similar devices.

27. Upon information and belief, the Defendant has been and continues to infringe one or more of the claims of the '879 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Upon information and belief, the Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

28. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**COUNT IV**
**(Infringement of United States Patent No. 6,456,841)**

29. Paragraphs 1 through 28 are incorporated by reference as if fully

restated herein.

30. Plaintiff Digitude is the assignee and lawful owner of all right, title and interest in and to the '841 Patent.

31. Upon information and belief, Defendant makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '841 Patent. Such devices are portable communication devices, including but not limited to tablets, cellular telephones, and other portable communication devices, such as, but not limited to Defendant's Droid Razr device and substantially similar devices.

32. Upon information and belief, the Defendant has been and continues to infringe one or more of the claims of the '841 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Upon information and belief, the Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

33. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, granting Plaintiff the following relief:

A. That this Court adjudge and decree that the '636 Patent is valid and enforceable against the Defendant, that the '655 Patent is valid and enforceable against the

Defendant, that the '879 Patent is valid and enforceable against the Defendant, and that the '841 Patent is valid and enforceable against the Defendant;;

   B. That this Court adjudge and decree that the Defendant has infringed the '636 Patent, the '655 Patent, the '879 Patent, and the '841 Patent;

   C. That this Court permanently enjoin the Defendant, and its parents, subsidiaries, affiliates, successors and assigns, and each of its officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on its behalf, or within its control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the Asserted Patents, or otherwise engaging in acts of infringement of the Asserted Patents, all as alleged herein;

   D. That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of the Defendant's infringement;

   E. That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against the Defendant that is adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

   F. That this Court assess pre-judgment and post-judgment interest and costs against the Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

   G. That this Court declare this case to be exceptional and direct

Defendant to pay Digitude's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285;

H.  Grant to Plaintiff such other, further, and different relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

Dated: December 2, 2011

/s/ *Edmond D. Johnson*
Edmond D. Johnson (Del. Bar No. 2257)
James G. McMillan, III (Del. Bar No. 3979)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

*Attorneys for Plaintiff, Digitude Innovations LLC*